# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| LITTLE ET AL., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 14-320C |
| ) | (Judge Horn) |
| THE UNITED STATES, ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT'S RESPONSE TO PLAINTIFFS' SUPPLEMENTAL BRIEF

Pursuant to the Court's order dated June 22, 2015, defendant, the United States, respectfully submits this response to plaintiffs' supplemental brief dated June 30, 2015 (ECF No. 50). Plaintiffs list 13 statutes and/or regulations as the scheme underlying their claims, only two of which are mentioned their first amended complaint. *See* ECF No. 19 at ¶¶ 34, 39 (citing 5 C.F.R. §§ 531.204, 536.301). Below, we briefly address each authority and provide a short statement of objection, if any.

### 1. Authorities Cited For The First Time

This is the first time plaintiffs cite the following authorities: 5 U.S.C. §§ 5334 and 5363; 5 C.F.R. §§ 210.102, 302.102, 531.203, 531.206(e), 536.101, *et seq.*, and 536.102. Thus, any claim pursuant to these authorities is waived. *Casa de Cambio Comdiv. S.A. de C.V. v. United States*, 291 F.3d 1356, 1366 (Fed. Cir. 2002) (holding that claims not raised in plaintiff's complaint are waived); *Southern Comfort Builders, Inc. v. United States*, 67 Fed. Cl. 124, 153 (2005) ("Plaintiff's failure to identify its . . . claims in its complaint in this court, therefore, is fatal, regardless of the possible merits of such claims."); *Crest A Apartments, Ltd. II v. United States*, 52 Fed. Cl. 607, 613 (2002) (refusing to consider claim asserted in summary judgment motion but not in complaint).

As a point of clarification, with respect to 5 U.S.C. § 5363, we note that, although this is the first time plaintiffs have cited this statute during the pendency of the case, this statute governs mandatory pay retention and plaintiffs *have* previously raised the issue of mandatory pay retention and have cited the implementing regulation 5 C.F.R. § 536.301 as a basis for relief. This basis for relief, however, was raised for the first time in plaintiffs' response to our motion to dismiss (ECF No. 25 at 7-8). Thus, the Court should refuse to consider this claim because it was raised for the first time in briefing. Also, plaintiffs raised this claim again when they sought to file a proposed second amended complaint (ECF No. 36-1 at ¶ 42), which the Court denied.

In any event, we thoroughly addressed plaintiffs' claims with respect to mandatory pay retention in our motion to dismiss (ECF No. 24 at 19-22), our reply in support of our motion to dismiss (ECF No. 28 at 12-14), our opposition to plaintiffs' motion to file a proposed second amended complaint (ECF No. 46 at 12-18), and at oral argument. We see no reason to expound on our arguments here.

   2.   **Authorities Cited For The First Time In Briefing**

The following authorities are not cited in the first amended complaint (ECF No. 19), but have been cited previously in briefing: 5 C.F.R. § 531.201, *et seq.*, 5 C.F.R. § 531.211(b), and 5 C.F.R. § 531.221. The Court should refuse to consider any claims pursuant to these authorities because they were raised for the first time in briefing.

With respect to 5 C.F.R. § 531.201, *et seq.*, plaintiffs cited this regulation in their response to our motion to dismiss (ECF No. 25 at 2) and in their sur-reply (ECF No. 29 at 1-2). The plaintiffs also cited this regulation in their proposed second amended complaint (ECF No. 36-1 at ¶ 45), which the Court denied. We thoroughly addressed plaintiffs' claims with

respect to this regulation in our opposition to their motion to file a proposed second amended complaint (ECF No. 46 at 28-29).

With respect to 5 C.F.R. § 531.221(b), plaintiffs cited this regulation in their response to our motion to dismiss (ECF No. 25 at 1-2) and in their sur-reply (ECF No. 29 at 4). We thoroughly addressed plaintiffs' claims with respect to this regulation in our reply in support of our motion to dismiss (ECF No. 28 at 3, 9-13) and at oral argument.

Finally, with respect to 5 C.F.R. § 531.221, plaintiffs cited this regulation in their response to our motion to dismiss (ECF No. 25 at 1, 2-3) and their sur-reply (ECF No. 29 at 4-5). Plaintiffs also cite this regulation in their proposed second amended complaint (ECF No. 36-1 at ¶¶ 5, 6, 42, 45, 46, 56), which the Court denied. We thoroughly addressed plaintiffs' claims with respect to this regulation in our reply in support of our motion to dismiss (ECF No. 28 at 2, 3, 9-13), in our opposition to plaintiffs' motion to amend (ECF No. 46 at 6, 20-25), and at oral argument.

### 3. Authorities Cited In the First Amended Complaint And Thoroughly Briefed By The Parties

Of the thirteen authorities listed in plaintiffs' supplemental brief, only two are cited in the first amended complaint: 5 C.F.R. § 531.204 and 5 C.F.R. § 536.301. (ECF No. 19 at ¶¶ 34, 39). As we explained, however, in our motion to dismiss (ECF No. 24 at 17-18), plaintiffs do not actually allege in the first amended complaint that the Marshals Service violated these provisions. Instead, plaintiffs first asserted claims with respect to these regulations in briefing. The Court should refuse to consider any claims pursuant to these authorities because they were raised for the first time in briefing.

We thoroughly addressed plaintiffs' claims with respect to 5 C.F.R. § 531.204 in our motion to dismiss (ECF No. 24 at 17-19), our reply in support of our motion to dismiss (ECF

No. 28 at 9), and our opposition to plaintiffs' motion to amend (ECF No. 46 at 28-29).  We thoroughly addressed plaintiffs' claims with respect to mandatory pay retention in our motion to dismiss (ECF No. 24 at 19-22), our reply in support of our motion to dismiss (ECF No. 28 at 12-14), our opposition to plaintiffs' motion to file a proposed second amended complaint (ECF No. 46 at 12-18), and at oral argument

## CONCLUSION

For these reasons, and for those raised in our motion to dismiss, or in the alternative, motion for summary judgment (ECF. No. 24), we respectfully request that the Court dismiss plaintiffs' first amended complaint.

Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

ROBERT E. KIRSCHMAN, JR.
Director

/s/ Steven J. Gillingham
STEVEN J. GILLINGHAM
Assistant Director

OF COUNSEL:

SUSAN GIBSON
Associate General Counsel
Office of the General Counsel
U.S. Marshals Service
U.S. Department of Justice
Alexandria, Virginia

/s/ K. Elizabeth Witwer
K. ELIZABETH WITWER
Trial Attorney
U.S. Department of Justice
Civil Division
PO Box 420
Ben Franklin Station
Washington, D.C.  20044
Tel:  (202) 307-0267
Kathryn.e.witwer@usdoj.gov

July 9, 2015

Attorneys for Defendant